COURT OF APPEALS
DECISION
DATED AND FILED

March 25, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP288-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2020CF171

IN COURT OF APPEALS
DISTRICT II

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

KYLER T. SMITH,

DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Ozaukee County: STEVEN M. CAIN, Judge. *Affirmed*.

Before Neubauer, P.J., Grogan, and Lazar, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. In this appeal from a judgment of conviction for first-degree sexual assault of a child under the age of 13 and an order denying

postconviction relief, Kyler T. Smith argues that there was insufficient evidence to support the jury's guilty verdict. He further asserts that the State withheld potentially exculpatory evidence from him before trial in violation of ***Brady v. Maryland***, 373 U.S. 83 (1963). As we explain below, we reject Smith's arguments. Accordingly, we affirm.

## BACKGROUND

¶2 The parties do not dispute the facts pertinent to this appeal. Smith was charged with first-degree sexual assault of a child under the age of 13 based on an allegation that he touched the pubic mound of his then-10-year-old cousin, Dory.[1] The alleged assault occurred in the backseat of a vehicle while Dory's mother, Carol, was driving. According to the criminal complaint, Carol had offered to drive Smith home after Smith showed up at Carol's home uninvited. Dory rode along with Carol to help out because Smith reportedly was heavily intoxicated and stumbling about.

¶3 Prior to trial, the State discovered that Dory was the victim in another sexual assault case in Sheboygan County, Wisconsin. That case involved a juvenile offender, rendering the file and its contents confidential. Smith moved for an adjournment, which the trial court granted. The State then obtained the criminal complaint and some discovery from that case and provided it to defense counsel. No evidence from that case was presented at trial.

---

[1] In order to protect her confidentiality, this court refers to the juvenile by a pseudonym. *See* WIS. STAT. RULE 809.19(1)(g) (2023-24). Carol is also a pseudonym. All references to the Wisconsin Statutes are to the 2023-24 version.

¶4      Both Dory and Carol testified at the jury trial.  Carol testified that Smith unexpectedly came to her home one night in June 2020, and was "[n]oticeably" drunk.  Smith asked Carol for more alcohol, which she denied having.  Carol then offered to drive Smith to the home where he was staying nearby, and Smith got into the backseat with Dory.  As Carol started driving, she heard some shuffling in the back seat.  She turned around to look.  Carol then saw that Dory "was hunched over a little bit, and she was grasping onto [Smith's] hand on her stomach.  Just holding it."  Carol asked Dory if everything was okay, and Dory nodded yes in response.

¶5      After dropping Smith off and watching him fall down before entering the house, Carol and Dory returned home.  Carol again asked Dory if she was okay, and Dory replied "Yes[,]" and retreated to her bedroom.  A short time later, Dory entered Carol's room "hysterical[,] saying she needed to tell [Carol] something."  Dory then told Carol that Smith had "touched her on the vagina" in the car.  Carol contacted law enforcement, and Dory later spoke to a forensic interviewer, which led to the charge here.

¶6      Dory testified at trial as well.  She stated that she had hugged Smith when he arrived at her house on the night in question; Dory said Smith was acting strangely and smelled like alcohol.  Dory also testified that Smith was acting oddly during the short car ride.  She remembered Smith placing her hand on her stomach and his hand on top of hers.  Dory said Smith slowly moved both hands down closer to her "privates."  Smith guided Dory's hand over her clothes down to her underwear line until Dory grabbed Smith's hand, and held it to keep Smith from going down further.  Dory said that Smith did not touch her vagina, but he came close to it.

¶7    At trial, Dory also told the jury that Smith touching her was "kind of scary" and "[w]eird." Dory agreed that Carol asked her if she was okay during the ride when Smith's hand was still on her stomach and she had nodded affirmatively. When asked to indicate on a picture of a female body the lowest spot on her body where Smith had touched her, Dory placed an "X" on the pubic mound, just above the vagina.

¶8    The jury found Smith guilty as charged, and the trial court sentenced Smith to seven years of initial confinement and seven years of extended supervision. Smith filed a postconviction motion. He claimed that the evidence at trial was insufficient to support his conviction. He further alleged that the State violated *Brady* when it failed to produce evidence about Dory's "prior sexual assaults."

¶9    After an evidentiary hearing, the postconviction court denied the motion. It held that the evidence viewed in the light most favorable to the State supported the conviction, and that the State did not violate *Brady* with respect to its disclosure of a juvenile case from another county involving the same victim. Smith appeals.

## DISCUSSION

¶10    Smith first argues that this court should reverse because there was insufficient evidence presented at trial to support the jury's guilty verdict. However, even if the evidence was sufficient, Smith argues that he is entitled to a new trial because "the [S]tate's failure to disclose evidence of [Dory]'s prior sexual assault allegation constituted a *Brady* violation." We disagree as to both arguments.

## I.  Sufficiency of the Evidence

¶11    Smith argues that we should reverse his conviction because there was not sufficient evidence upon which a reasonable jury could conclude that he sexually assaulted Dory.  He specifically argues that the State failed to present convincing evidence to prove a required element of the offense—that he touched Dory's pubic mound for the purposes of sexual arousal or gratification.  We conclude that there was sufficient evidence to support the jury's decision.

¶12    "The question of whether the evidence was sufficient to sustain a verdict of guilt in a criminal prosecution is a question of law, subject to our de novo review."  *State v. Smith*, 2012 WI 91, ¶24, 342 Wis. 2d 710, 817 N.W.2d 410.  "When conducting such a review, we consider the evidence in the light most favorable to the State and reverse the conviction only where the evidence 'is so lacking in probative value and force that no trier of fact, acting reasonably, could have found guilt beyond a reasonable doubt.'"  *Id.* (quoting *State v. Poellinger*, 153 Wis. 2d 493, 507, 451 N.W.2d 752 (1990)).  Therefore, we "will uphold the conviction if there is any reasonable hypothesis that supports it."  *Smith*, 342 Wis. 2d 710, ¶24.

¶13    "In a prosecution for sexual assault, the State must prove as an element of the crime that the perpetrator had the specific intent to touch the victim for the purpose of sexual arousal or gratification."  *State v. Stephen T.*, 2002 WI App 3, ¶13, 250 Wis. 2d 26, 643 N.W.2d 151 (2001).  Therefore, the State had to prove that Smith touched Dory with the intent to become sexually aroused or gratified.  "[T]he State is allowed to prove intent by inference from the defendant's conduct and from the general circumstances of the case."  *See id.*, ¶14.

Smith argues there is no evidence in the record that allowed the jury to draw the conclusion beyond a reasonable doubt that he was sexually aroused or gratified.

¶14 The State argues it presented evidence from which a reasonable jury could infer Smith touched Dory's pubic mound for sexual arousal or gratification. The State recites the testimony from Dory that Smith, rather than sitting in the front passenger seat, slid in the back seat next to Dory. Smith then put his hand on Dory's hand and on her stomach, squeezed her hand, and slid it down to her pubic mound. Dory went on, the State notes, to testify that she felt compelled to grab Smith's wrist to stop it from moving farther down her body. Dory described the touching to the jury as "[w]eird" and "scary" as it was happening. The State also observes Carol's testimony corroborated that Smith had his hand on Dory's stomach while in the car, which caused Carol to ask Dory multiple times if she was okay. That evidence supports an inference that Smith touched Dory's pubic mound over her clothes, and that he did so with the intent to become sexually aroused or gratified.

¶15 We reject Smith's argument implying that sexual arousal or gratification could have been proven only had he used words or gestures reflecting intent, his hand had touched Dory's vagina, or he had fought Dory's grasp preventing him from touching her lower on her body. Citing two cases factually similar to the scenario presented here, the State notes that circumstantial evidence alone was sufficient to establish intent. *See* ***State v. Shanks***, 2002 WI App 93, ¶26, 253 Wis. 2d 600, 644 N.W.2d 275 (holding that the requisite intent could be inferred from a grown man placing a finger in a two-year-old's vagina); ***State v. Drusch***, 139 Wis. 2d 312, 327–28, 407 N.W.2d 328 (Ct. App. 1987) (requisite intent could be inferred when an adult man carried young girls with his hand

6

between their legs, sometimes squeezed them "in the vaginal area," and later lied about that conduct). We agree with the State.

¶16 It is the jury's job to resolve inconsistencies in testimony and determine the credibility of witnesses. The jury's function as factfinders allowed it to find Dory's and Carol's testimony believable and credible. The witnesses were not required to testify specifically that Smith was aroused or sexually gratified. The jury was permitted to reject any innocent reasons for touching Dory. The jury was allowed to consider that Dory said Smith put his hand on the then-ten-year-old girl's stomach and pubic mound, and she had to stop it from going lower while Smith periodically "squeezed"—and draw the reasonable inference that he had no innocent alternative reason for touching Dory other than for the purpose of sexual arousal or gratification.

¶17 In sum, we conclude that the State presented sufficient evidence at trial for the jury to have found, beyond a reasonable doubt, that the State proved all elements of sexual assault of a child under age 13, including that Smith intentionally had contact with Dory for the purposes of attaining sexual arousal or gratification.

## II. Alleged *Brady* Violation

¶18 While this case against Smith was pending, the State became aware that Dory was the victim in the juvenile sexual assault case in Sheboygan County. The State immediately informed the defense, which moved for and was granted an adjournment of the trial that had been scheduled to begin forthwith. The State subsequently received some materials from the Sheboygan County file, including the delinquency petition, police reports, and a recording of a forensic interview of Dory conducted in conjunction with that case a few months prior. Later review of

7

the file by Smith's appellate counsel revealed that the State had not turned over "transcripts of the juvenile proceedings where [Dory] and her mother testified and another recorded statement of [Dory]." Smith contends this was a *Brady* violation.

¶19 "[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady*, 373 U.S. at 87. A defendant therefore has "a due process right to any favorable evidence 'material either to guilt or to punishment' that is in the State's possession ..., including any evidence which may impeach one of the State's witnesses." *State v. Wayerski*, 2019 WI 11, ¶35, 385 Wis. 2d 344, 922 N.W.2d 468 (citation omitted). Whether a due process violation has occurred contrary to *Brady* is an issue that we review independently, but we accept the trial court's findings of fact unless clearly erroneous. *See Wayerski*, 385 Wis. 2d 344, ¶35. Evidence that impeaches or affects the credibility of a witness also "falls within this general [*Brady*] rule." *Giglio v. United States*, 405 U.S. 150, 154 (1972).

¶20 Smith bears the burden of proving a *Brady* violation occurred. *See Wayerski*, 385 Wis. 2d 344, ¶35. To satisfy his burden, Smith must prove all three components: "(1) the evidence at issue must be favorable to the accused, either because it is exculpatory or impeaching; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; and (3) the evidence must be material." *See id.* His failure to prove any of these components results in the *Brady* claim failing. *See Wayerski*, 385 Wis. 2d 344, ¶62. Because Smith fails to prove that the State suppressed the evidence he seeks under the second *Brady* component, and this conclusion is dispositive to our analysis, we reject

8

Smith's argument that a ***Brady*** violation occurred and that he is entitled to a new trial.

¶21 On appeal, as in his postconviction motion, Smith states that "[t]he State had an affirmative duty to disclose ALL ***Brady*** evidence." As the State observes, Smith attempts to align his case with ***State v. Harris***, 2004 WI 64, 272 Wis. 2d 80, 680 N.W.2d 737, in which our supreme court held that the State violated ***Brady*** in failing to disclose potentially exculpatory and material information that the victim in the sexual assault case against Harris previously had reported being sexually assaulted by her grandfather. Smith's entire argument that we should find a similar ***Brady*** violation here consists of one conclusory statement: "In this case, the [S]tate failed to disclose ***Brady*** evidence of [Dory]'s having been sexually assaulted by [a juvenile] prior to these allegations."

¶22 Smith fails to explain his argument in terms of the proper legal standards. He seems to be unclear as to what ***Brady*** requires. The question at hand is whether Smith has shown that the State suppressed favorable, material evidence that was in its possession by failing to disclose it to the defense. He has not. Although Smith states otherwise, nothing in ***Brady*** or its progeny required the State to produce everything from the confidential Sheboygan County case. Smith has not demonstrated that every document and piece of information related to that case is favorable and material evidence. Smith bears the burden, and he has not met it with respect to the additional materials that his postconviction counsel obtained.

## CONCLUSION

¶23 We conclude that Smith has failed to show that there was insufficient evidence to support the jury's conclusion that he touched Dory's pubic

mound for purposes of sexual gratification or arousal. Further, we conclude that Smith has failed to establish a ***Brady*** violation. Therefore, we affirm the judgment of conviction and the order denying his motion for postconviction relief.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.